**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **SCOTT D. WEBSTER,** | |
| **Plaintiff,** | |
| v. | Case No. 13-2199 |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| **Defendant.** | |

**REPORT AND RECOMMENDATION**

On October 29, 2010, Plaintiff applied for Disability Insurance Benefits. His application was denied initially on December 29, 2010, and upon reconsideration on March 25, 2011. On June 29, 2012, the Administrative Law Judge ("ALJ") issued an unfavorable decision. On December 19, 2014, this Court entered a Report and Recommendation, and on March 4, 2015, the Court entered an Order agreeing with and accepting the Recommendation, reversing and remanding the ALJ's decision.

The Report and Recommendation concluded that the ALJ failed to properly consider the physical capacities evaluations performed by two doctors and directed the ALJ to reconsider Plaintiff's claim in light of the doctors' findings or provide good reason for rejecting the opinions. Plaintiff filed a Motion for Attorney's Fees Under the Equal Access to Justice Act (#29). For the reasons explained below, the Court recommends that Plaintiff's Motion be DENIED.

Plaintiff seeks to recover $10,322.80 in attorney and staff fees under the EAJA. Under the EAJA, a party that prevails against the United States in a civil action is entitled to attorney fees if: (1) the party filed a timely application for fees; (2) the government's position was not substantially justified; and (3) the fees requested are reasonable. 28 U.S.C. § 2412 (d)(1)(B).

Plaintiff prevailed in the underlying appeal and filed a timely application for fees, so the Court must determine whether the government's position was substantially justified. The Commissioner bears the burden of showing that her position was substantially justified. *Golembiewski v. Barnhart*, 382 F. 3d 721, 724 (7th Cir. 2004). "Substantially justified" is defined as having a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1998).

Plaintiff argues that the ALJ "violated longstanding judicial precedent and Agency regulation" by failing to properly evaluate the medical opinions. The Court's Report and Recommendation found that the ALJ failed to fully consider Dr. Torres and Dr. Tanlin's medical opinions. The Court did not find, however, that the ALJ completely ignored the physicians' opinions. Rather, the Court remanded the case because it was unclear from the ALJ's opinion whether she considered these specific pieces of evidence from the physicians' opinions. A lack of clarity in the ALJ's decision does not alone justify an award of fees under the EAJA. The Commissioner's position was substantially justified as it was not certain that even had the ALJ reviewed these pieces of evidence, a different finding would have been made.

As the Commissioner's position was substantially justified, the Court recommends that Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (#29) be DENIED.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 28th day of July, 2015.

                                                             s/DAVID G. BERNTHAL
                                          UNITED STATES MAGISTRATE JUDGE